UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN TALBERT WILLIAMS,

               Plaintiff,

-against-

UNITED STATES, ET AL.,

               Defendants.

18-CV-12064 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action alleging that his "primary claims" are against the United States for its "co-conspired infiltration and influence within the IRS to conceal tax documents." By order dated December 21, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

    A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff brought an earlier suit challenging his eviction from his late mother's apartment and unrelated matters that had either taken place or were pending in New York County Criminal Court, the Transit Adjudication Bureau, and a criminal court in Montgomery County, Maryland. *Williams v. United States*, No. 15-CV-5114 (LAP) (S.D.N.Y. Dec. 10, 2015). In the earlier action, then-Chief Judge Loretta A. Preska granted Plaintiff leave to amend his initial complaint because it was unintelligible and failed to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff filed an amended complaint, which the Court noted was "hundreds of pages long and names scores of new Defendants located in New York, New Jersey, Maryland, and the District of Columbia." *Williams*, No. 15-CV-5114 (Order filed Dec. 10, 2015 at 2). The district court dismissed that action, and the Court of Appeals affirmed, holding that "the appeal is dismissed because 'it lacks an arguable basis either in law or in fact.' *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)." *Williams v. United States*, No. 16-189 (2d Cir. May 18, 2016).

In this new action, Plaintiff again refers to his eviction, his criminal proceedings, and matters relating to his late mother. Plaintiff alleges in his complaint that he has been harmed in the following ways:

> Since the claim illegal acquisition of securitized assets of Plaintiff's trust and the claimed illegal eviction, Plaintiff has allegedly sustained injuries to his
> (1) businesses; (2) friendships; (3) attempts to acquire federal funded housing

>    (claimed); (4) federal and local tax filings (false filings); (5) intrusion to the
>    internet and federal mail; (6) tarnishing of his criminal record and medical record
>    information; (7) multiple forms of identity theft; (8) defamation; (9) loss of teeth;
>    (10) near loss of feet (or near amputate[ion]); (11) possible cancer of the mouth;
>    and (12) other ailments which need a professional opinion on (medical).

(Compl. at 6.) Plaintiff annexes to his complaint a petition relating to his conviction in Maryland. Plaintiff also annexes to the complaint a "supplemental filing" in which he lists 169 defendants who "are sought for enjoining as being associated to the overall matter of claim racketeering, enterprise corruption, economic espionage and the alleged illegal eviction from Peter Cooper Village / Stuyvesant Town." The defendants include agents of the IRS, bank employees, judges, the Chief Executive Officers of many private entities, trusts, insurers, the United States Postal Service, hospitals, governors, mayors, and others too numerous to mention.

In a subsequent letter, Plaintiff indicates that this matter is "brought before the Court primarily as an 'anti-trust' matter." (Letter, ECF No. 3.) He also states that "diversity of citizenship is additionally sought for enjoining due to a collateral habeas corpus matter from the state of Maryland, where bringing suit in a district court of Maryland would, as claimed, be a matter of prejudice and may lead to retaliatory actions by the Maryland Court or others." (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

Plaintiff is warned that further duplicative or frivolous litigation in this Court can result in an order barring Plaintiff from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 26, 2018
         New York, New York

                                                _____
                                                Louis L. Stanton
                                                U.S.D.J.