# 19-39

18 cv 12064 (LLS)(SDNY)

(DOCKET NO.)

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

### CESTUI QUE STEVEN TALBERT WILLIAMS

v.

### UNITED STATES OF AMERICA, et al.

## PETITION FOR PEREMPTORY WRIT OF MANDAMUS, IN RE.: CESTUI QUE STEVEN TALBERT WILLIAMS V. UNITED STATES, ET AL.

*In association with:*

"COMPLAINT,"
"NOTICE OF APPEAL,"
"ACKNOWLEDGMENT & NOTICE OF APPEARANCE" (W/ SUPPLEMENT),
NOTICE OF APPEAL ("From a Judgment or Order of a District Court" - Rule 3(c)(3))
&
"PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241"
(Post Conviction Remedy under 28 U.S.C. §2255(e))

STEVEN TALBERT WILLIAMS
CESTUI QUE, Pro Sé Litigant

Fitted Sole Productions, D.B.A. &
Fitted Fables, D.B.A.
(Currently Displaced)

(Previously addressed at:
449 E. 14th Street, Apt. 7d
New York, N.Y. 10009)

STWLEGAL@gmail.com

**JANUARY 14, 2019**



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-15-19




2

United States Court Of Appeals For The Second Circuit

In re.: Cestui Que Steven Talbert Williams v. United States, et al., 18-12064(LLS)(SDNY), 19-39(2nd Cir. Ct.)

## DISCLAIMER

## HIGHLIGHTED NOTATIONS

The asterisk symbol " * " is referenced as being disclaimer notations addressed to the court, appearing in a scaling format where " * " symbolizes notation #1, " ** " symbolizes notation #2, and so on (separated with a " / " after every five, " ***** "), yet starts anew with each individually titled document, similar to that of each "*FOOTNOTE*" (wherein each is presented as "*Red*"). The forgoing text of each notation and *FOOTNOTE* is represented in "*italics*" and single spaced in the minimum text size of 10 pts (in compliance with L.R. 11.1(b)).

---

\*    *Normal text size for the body of all documents has been set to 11 pts. Such size has been changed from normal court document text size of 12 pts. due to PLAINTIFFf being monetarily deprived, and attempting to save his performance union money in stationary materials.*

\*\*    *A personalized numbered header is provided on all documented pages, excluding the title page. Each page is additionally numbered separately at the bottom, while introduction pages are numbered as Roman numerals. This format is presented as a necessary precaution in light of claims surrounding identity theft, internet intrusion and mail fraud.*

\*\*\*    *References to appendices appear in "Purple."*

\*\*\*\*    *References to accompanying documents appear in "Blue."*

\*\*\*\*\*    *References to exhibits appear in "Brown."*

\*\*\*\*\*/ \*    *As is customary universal procedure of the UNITED STATES court system, plaintiff's name appears in bold "Green," while the defendant name appears in bold "Red."*

Petition For Peremptory Writ Of Mandamus, In Re:
Cestui Que Steven Talbert Williams v. United States, et al
United States Court Of Appeals For The Second Circuit
Case 1:18-cv-12064-LLS   Document 17   Filed 01/15/19   Page 3 of 14



In re.: Cestui Que Steven Talbert Williams v.
United States, et al., 18-12064(LLS)(SDNY), 19-39(2nd Cir. Ct.)

| UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT | Steven Talbert Williams, PRO SÉ Address: Currently Displaced |
|---|---|
| CESTUI QUE STEVEN TALBERT WILLIAMS (SON OF LINDA PAULA STREGER WILLIAMS; SON OF WILLIS EUGENE WILLIAMS) PLAINTIFF v. UNITED STATES OF AMERICA, et al DEFENDANT | PETITION FOR PEREMPTORY WRIT OF MANDAMUS, IN RE.: *CESTUI QUE STEVEN TALBERT WILLIAMS v. USA, ET AL.* Docket #: 19-39 Date: January 14, 2019 |

Clerk's Office: Thurgood Marshall U.S. Courthouse 40 Foley Sq., N.Y., N.Y. 10007

# PETITION FOR PEREMPTORY WRIT OF MANDAMUS, IN RE.: CESTUI QUE STEVEN TALBERT WILLIAMS v. UNITED STATES, ET AL.

I, CESTUI QUE STEVEN TALBERT WILLIAMS ("PLAINTIFF," Pro Sé), in reference to the accompanying "*COMPLAINT*" (Doc. "*2*" of Dock. No. 18cv12064(LLS)(SDNY), filed on 12/20/2019), "*NOTICE OF APPEAL*" (18cv12064 at Doc. "*8*," filed 1/2/2019), "*Notice of Appeal*" (18cv12064 at Doc. "*8*," filed 1/2/2019, presented as a separated class action appeal under FRAP "*Rule 3(a)(3)*"), "*Petition For Permission To Appeal To The United States Supreme Court*" (filed in 18cv12064 on 1/7/2019), and "*Affidavit In Support Of Notice Of 'Civil' Appeal*" (filed 1/10/2019 in Dock. No. 19-39(2nd Cir. Ct.)), petition for mandated orders pertaining to the issuing a ten (10) day response demand from all named defendants[1] (including those initially presented in the "*COMPLAINT: STATEMENT OF NAMED PARTIES*" (depicted in Doc 2, yet currently excludes most defendants depicted on the appellate court's docket), naming 176 defendants, all of which are **associated to the overall matter of antitrust claims** (namely those related to the "*LINDA WILLIAMS BENEFICIAL TRUST*" ("Trust LPSW") and the Commercial Mortgage-Backed Securitized trust of **TRUST2007C-30**, including affiliates) in reply to PLAINTIFFs' serving of initiating documents, to the best of his abilities, as such approval of this mandamus is held contingent upon satisfaction of providing service solely to all defendants on the docket. Fed. R. Civ. P. 54(c); Fed. R. Crim. P. 60(b)(2); FRAP 15.1, 16(a), 19, 21(a), (b)(4); L.R. 21(a)(2)(B), 25.1(a)(1)(C), (b)(2), 33.1(a); 18 U.S.C. §§3173, 3174, 3771 (crime victim); 28 U.S.C. §§158(d)(2)(A)(ii), (d)(2)(A)(iii), 1253, 1254(2), 1361, 1391(e), 1404(a), 1631, 1651(a), 1657. See *TAM, M.D. v. EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA*, No. 66346 (2015):

---
FOOTNOTE 1: See a *United States Court of Appeals for the Fourth Circuit* internet publication, entitled "APPELLATE DEADLINES," depicting a "10-day period" (under Fed. R. App. P. 21(b)(1) "to answer within a fixed time." Id. at 2, under the title "Answer to petition for writ of mandamus."
Source: "http://www.ca4.uscourts.gov/AppellateProcedureGuide/General_Provisions/APG-appellatedeadlines.html."

Petition For Peremptory Writ Of Mandamus, In Re.: Case 1:18-cv-12064-LLS Document 17 Filed 01/15/19 Page 4 of 14
Cestui Que Steven Talbert Williams v. United States, et al
United States Court Of Appeals For The Second Circuit




*In re.: Cestui Que Steven Talbert Williams v. United States, et al.*, 18-12064(LLS)(SDNY), 19-39(2nd Cir. Ct.)

"[a] writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Humphries v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 85, 312 P.3d 484, 486 (2013) (quoting *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008))[.]"

See also *PALMA v. U.S. INDUSTRIAL FASTENERS, INC.*, 36 Cal.3d 171, 177-180 (1984), citing "*People v. Turner, supra*, 1 Cal. 143, 151[,]... 'notice of the application having been given, and copies of the papers served, <u>the court may award either an alternative or peremptory mandamus, according to the exigency of the case</u>." [highlighting and emphasis added] See also the opinion by **HON. CHIEF JUSTICE WARREN** within *HON. HERBERT L. WILL, J., U.S. N. DIST. CT. OF ILLINOIS v. UNITED STATES*, 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967):

"the writ has been invoked where unwarranted judicial action threatened 'to embarrass the executive arm of the government in conducting foreign relations[' (**antitrust claims**),] *Ex parte Republic of Peru*, 318 U.S. 578, 588, 63 S.Ct. 793, 799, 87 L.Ed. 1014 (1943)[,]... where it was the only means of forestalling intrusion by the federal judiciary on a delicate area of federal state relations, *State of Maryland v. Soper*, 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449 (1926)[,]... and where a district judge displayed a persistent disregard of the Rules of Civil Procedure promulgated by this Court, *La Buy v. Howes Leather Co.*, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957)[;]... And <u>the party seeking mandamus</u> has 'the <u>burden of showing that its right to issuance of the writ is 'clear and indisputable</u>.['] *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953)[.]" [highlighting and emphasis added]

## BILL OF PARTICULARS

1. WHEREAS, this petition may be seen as a primary judgment (Fed R. Civ. P. 54(c); 28 U.S.C. §1254(2), "*binding instructions*[.]") to remand, upon a forthcoming sought after leave, and initiate action under U.S. S.Ct. jurisdiction




*In re.: Cestui Que Steven Talbert Williams v. United States, et al.*, 18-12064(LLS)(SDNY), 19-39(2nd Cir. Ct.)

(28 U.S.C. §§1631, 1657). See *SKIL CORP. v. MILLERS FALLS CO.*, 541 F.2d 554, n. 16 (6th Cir., 1976), *"properly exercise jurisdiction over the action."*

2. In order to proceed with the commencement of a trial, upon the serving of defendants and renewal of PLAINTIFFs' previously granted *In Forma Pauperis* ("IFP," denied by HON. LOUIS L. STANTON's *"ORDER OF DISMISSAL,"* Doc. *"4"* of 18cv12064(LLS)(SDNY), filed 12/26/2018), the Clerk of the appellate court must receive proper documentation for PLAINTIFF, living within impoverishment and dealing with hardships to obtain finances for the printing of documents (required for a fair trial), to issue service upon all named defendants, as they appear in an accompanying statement for his *"COMPLAINT"* (18cv12064 at Doc. *"2"*), entitled *"COMPLAINT: STATEMENT OF NAMED PARTIES."* See the accompanying *"Emergency Motion To Cure List Of Defendants Upon The Appellate Docket"* and *"Letter To Chief Judge, Hon. Robert A. Katzmann."*

3. In order for PLAINTIFFs' IFP to be renewed, a review HON. STANTON's ORDER OF DISMISSAL is sought for **a mandated order to vacate judgment** of *"fivolous*[ness]" (*"under 28 U.S.C. § 1915(e)(2)(B)(i)"*) is insisted (pursuant to 28 U.S.C. §158(d)(2)(A)(ii), (d)(2)(A)(iii)), as such determination may be based upon the relevance of antitrust claims, rights to beneficial assets and validation of which relief may be based upon. See *"Affidavit In Support Of*

*Petition For Peremptory Writ Of Mandamus, In Re.:*
*Cestui Que Steven Talbert Williams v. United States, et al*
Case 1:18-cv-12064-LLS   Document 17   Filed 01/15/19   Page 6 of 14
*United States Court Of Appeals For The Second Circuit*




*In re.: Cestui Que Steven Talbert Williams v.*
*United States, et al., 18-12064(LLS)(SDNY), 19-39(2nd Cir. Ct.)*

*Notice Of 'Civil' Appeal"* (filed 1/10/2019, Dock. No. 19-39). See also p.2 an p.5 of the COMPLAINT, where a few of PLAINTIFFs' *"rights [which] have been violated"* include:

> "*Clayton Act (1914); Sherman Antitrust Act (1980); Economic Espionage Act (1996); RICO; Dodd-Frank Act (2010); Rent Stabilization Act (1969); and other Acts of Congress...*
>
> "[p]*rimary action is brought... due to <u>claims surrounding an alleged co-conspired infiltration and influence within the IRS (to conceal tax documents</u> and other information <u>of Mrs. Linda Paula Streger Williams' (Decedents') Individual Retirement Acct.</u> (IRA trust[)] <u>(Pershing, LLC & UBS</u> Act. # x7439 - <u>EIN #:</u> x8899 - <u>Treas. (IRS) form SS-4</u> #: x6766 and <u>evidence of a W-9 form</u>) and other claims)[)]*, however, the agencies are enjoined for further claimed corruptive acts (including the SSA)...
>
> "[Claimed a] *co-conspired <u>antitrust and racketeering mortgage scheme</u>[,]...<u>where §10(b) and §13 of the SEC Act of 1934</u>[violations were ]<u>perpetrated</u>[ ]... <u>to illegally reinvest</u> [ ] <u>securitized investments of Decedents' IRA</u>[, managed by UBS AG, PERSHING, LLC and FMR, LLC, where the Assets Under Management of UBS were utilized to further illegally invest the assets of the IRA into the Initial Public Offering of PSH (new evidence, as presented to the U.S. S.Ct. in PLAINTIFFs' denied certiorari petition of 137 US 1611 (2017), who, in turn, reinvested such assets of PSH into TRUST2007C-30, the Commercial Mortgage-Based Securitized trust of the community of PLAINTIFFs' old residence, Peter Cooper Village/Stuyvesant Town, "PCV/ST"),] as well as the <u>claimed prejudicial removal of rent-stabilized tenants to eliminate PCV/ST's tax exemption status in exchange for greater return on market-valued apartments and to create an opportunity to convert the community of PCV/ST into cooperative or condominium housing</u>, while implementing a series of organized <u>enterprise corruption and economic espionage schemes to deter</u> [PLAINTIFFs'] <u>acquisition of Trust LPSW's assets</u>... [by] <u>enslaving</u> [ ] <u>him within impoverishment</u>, via subversion (<u>equivalent to that of attempted murder</u>)[.]"* [highlighting and emphasis added]

4.

Petition For Peremptory Writ Of Mandamus, In Re.:
Cestui Que Steven Talbert Williams v. United States, et al.
United States Court Of Appeals For The Second Circuit

Case 1:18-cv-12064-LLS   Document 17   Filed 01/15/19   Page 7 of 14




*In re.: Cestui Que Steven Talbert Williams v. United States, et al., 18-12064(LLS)(SDNY), 19-39(2nd Cir. Ct.)*

See also VAN DUSEN v. BARRACK, 376 U.S. 612, n. 3 (1964), *"the District Court erred and should vacate its order[;]"* See also WILBUR v. UNITED STATES, ex Rel. KADRIE, 281 U.S. 206, 218 (1930), *"to direct the retraction or reversal of action already taken[.]"*

4. PLAINTIFF insists HON. CHIEF JUDGE ROBERT A. KATZMANN issue **a mandated order for S.D.N.Y. to grant his appeal and renew his IFP status**, as such may allow for the serving of all defendants on the appellate court's PACER system. FRAP 5(a)(3), (d)(1)(B).

5. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue **a mandated order for S.D.N.Y. to provide for the necessary funds to make service to pro sé defendants**, via a cost bond. FRAP 5(d)(1)(B).

6. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue **a mandated order for S.D.N.Y. to forward the district court's record of 18cv12064** (including the listing defendants within Doc. 2) to satisfy service of all initially named defendants. FRAP 5(d)(1)(C), 10(a), (e)(2)(B)

7. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue **a mandated order for S.D.N.Y. to grant his *"Motion For Fed. R. Civ. P. 60(a), (b)(1) to (b)(6), (d)(1) to (d)(3) (Coram Nobis/Coram Vobis): Cestui Que Steven Talbert Williams v. United States, et al.,* 137 U.S. S.CT. 1611 (2017) (15 U.S.C. §26; Fed. R. Civ. P. 5(d); 5**

*Petition For Peremptory Writ Of Mandamus, In Re.: Cestui Que Steven Talbert Williams v. United States, et al*
*United States Court Of Appeals For The Second Circuit*



In re.: *Cestui Que Steven Talbert Williams v. United States, et al.*, 18-12064(LLS)(SDNY), 19-39(2nd Cir. Ct.)

U.S.C. §§552(b)(7), 552a(l)(1); 49 U.S.C. §30301(d)(7))" in 18cv12064 to reopen the trial based upon new evidence.

8. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue a mandated order for S.D.N.Y. to transfer filings from the U.S. S.Ct. for 137 US 1611 (2017); as such may provide for the non-duplicating of exhibits within this trial.

9. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue a mandated order to defendants depicting a short statement (pursuant to 28 U.S.C. §158(d)(2)(C)) of:

   a. the trial being for antitrust matters of PLAINTIFFs' beneficial IRA account;

   b. investments are claimed to be illegally reinvested into the community of PCV/ST, where PLAINTIFF resided;

   c. PLAINTIFFs' eviction incurred further matters related to claims of the illegal auctioning of his personal property (yet salvaged after auction occurred) (such as identity theft, entertainment and other contract fraud and copyright infringement) and subversion within impoverishment; and

   d. all claims are not yet depicted within court filings.

10. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue a mandated

*etition For Peremptory Writ Of Mandamus, In Re:*
*Cestui Que Steven Talbert Williams v. United States, et al*
Case 1:18-cv-12064-LLS   Document 17   Filed 01/15/19   Page 9 of 14
*United States Court Of Appeals For The Second Circuit*




*In re.: Cestui Que Steven Talbert Williams v.*
*United States, et al., 18-12064(LLS)(SDNY), 19-39(2nd Cir. Ct.)*

<u>**order for defendants to reply with a statement**</u> in confirmation of their attendance and any objection they may have. 28 U.S.C. §158(d)(2)(C).

## ADDITIONAL MANDATES

11. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue <u>**a mandated order for the assignment of a three judge panel to confirm upon the approval of the mandate presented in this section**</u>. 28 U.S.C. §1253. See also *HON. HERBERT L. WILL, J., U.S. N. DIST. CT. OF ILLINOIS v. UNITED STATES*, 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967):

   *"where it was necessary to confine a lower court to the terms of an appellate tribunal's mandate, United States v. United States Dist. Court, 334 U.S. 258, 68 S.Ct. 1035, 92 L.Ed. 1351 (1948)[.]"*

12. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue <u>**a mandated order for the issuance of a subpoena duces tecum, sua sponte, to acquire a statement and financial materials from the Federal Depository & Insurance Corporation**</u> ("FDIC"), in validation of the accompanying exhibited April 26, 2013 FDIC email, subject line reading *"FDIC Reply* [XXXXX]*"* (*Exhibit 1*, cited within Part **I.1.g.v** of *"Affidavit In Support Of Complaint (PART 1),"* signifying assets in the IRA of Trust LPSW;

Petition For Peremptory Writ Of Mandamus, In Re.: Cestui Que Steven Talbert Williams v. United States, et al
United States Court Of Appeals For The Second Circuit




10

In re.: Cestui Que Steven Talbert Williams v. United States, et al., 18-12064(LLS)(SDNY), 19-39(2nd Cir. Ct.)

prima facie evidence to antitrust claims.

13. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN validate the exhibited existence of his mother's Last Will & Testament and Trust agreement (with accompanied exhibited account statements and U.S. TREAS. filings) within the denied certiorari filing of 137 U.S. 1611 (2017).

14. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue <u>a mandated order for the production of financial accounts for the IRA of Trust LPSW from PERSHING, LLC, FMR and UBS AG and the U.S. TREAS. (including the IRS and SSA)</u> (signified in the COMPLAINT), validating the IRA of Trust LPSW and prima facie evidence to antitrust claims, as well as to <u>certify the amount of securitized assets needed for a prayer for relief and for injunctive relief</u>.

15. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue <u>a mandated order for intervention by U.S.A.G. and other defendants to appear at appeal conferences</u> (ADR negotiations).

16. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue <u>a mandated order for a scheduling of the sought after appeal conference</u>, and a sua sponte order of a continuance period for a minimum of three months (as such may be amended upon intervention of the U.S.A.G..

17. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue <u>a mandated

8.

Petition For Peremptory Writ Of Mandamus, In Re.:
Cestui Que Steven Talbert Williams v. United States, et al
United States Court Of Appeals For The Second Circuit

In re.: Cestui Que Steven Talbert Williams v.
United States, et al., 18-12064(LLS)(SDNY), 19-39(2nd Cir. Ct.)

11




order for the issuance a sua sponte injunctive relief order for PERSHING, LLC, FMR and UBS AG to cease and desist trading (in preparation for a sought after SEC proceeding, contingent upon acceptance of a negotiated ADR). See *"Financial Relief From Injunction & Continuance Proposal."* Affidavit PART I at p.227.

18. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue a mandated order for the granting all sought after writs of error (under Fed. R. Civ. P. 60) and a response from all relevant trial courts, as such are depicted within the Affidavit PART 1.

19. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue a mandated order for PLAINTIFF to file remainder of affidavits (containing associated claims) within a certain time period (30 days or so) and to file a brief within a 91 day period after such affidavits are filed. (as such may be contingent upon a continuance period after an ADR is agreed upon, which may provide plaintiff a stable residence).

20. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue a mandated order for S.C.N.Y. to proceed with PLAINTIFFs' filing for the probate of his mother's estate within the appellate court. See *"Petition For Peremptory Writ Of Mandamus: Congressional Oversight; Estate of Linda Paula Streger Williams"* (Affidavit PART I at p.125).


Petition For Peremptory Writ Of Mandamus, In Re.:
Cestui Que Steven Talbert Williams v. United States, et al
Case 1:18-cv-12064-LLS   Document 17   Filed 01/15/19   Page 12 of 14
United States Court Of Appeals For The Second Circuit
12
In re.: Cestui Que Steven Talbert Williams v. United States, et al., 18-12064(LLS)(SDNY), 19-39(2nd Cir. Ct.)




21. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue <u>a mandated order, compelling PLAINTIFF to obtain materials to all subpoenas within the accompanying affidavits to the COMPLAINT</u>.

22. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue <u>a mandated order to Mr. Willis Eugene Williams, Jr.</u> (PLAINTIFFs' father) <u>to provide an affirmation or declination of appearance as an accompanying plaintiff</u> (where if declined, the case title shall be amended, sua sponte, to "*Ex Parte Steven Talbert Williams, Cestui Que: Estate of Linda Paula Streger Wlliams v. USA, et al.*").

23. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN see Petition For Permission To Appeal To The United States Supreme Court and sue <u>a mandated order to S.D.N.Y. to grant the filed petition within 14 days of the order</u> (under FRAP 5(a)(3), (d)(1)(B) (in continuation of the granted status of PLAINTIFFs' IFP))

24. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue <u>a mandated order for pretrial hearings, based upon prima facie evidence prior to remanding to the U.S. S.Ct</u>. 28 U.S.C. §1251(a); U.S. S.Ct. Rule 20.3 (multidistrict litigation. 28 U.S.C. §1407).

25. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue <u>a mandated order for the immediate issuance of an application to

Petition For Peremptory Writ Of Mandamus, In Re.:
Cestui Que Steven Talbert Williams v. United States, et al
United States Court Of Appeals For The Second Circuit

Case 1:18-cv-12064-LLS   Document 17   Filed 01/15/19   Page 13 of 14

13




*In re.: Cestui Que Steven Talbert Williams v. United States, et al., 18-12064(LLS)(SDNY), 19-39(2nd Cir. Ct.)*

U.S. S.Ct. judges requesting review of 137 U.S. 1611 (2017) and this trial and to issue a mandate granting previously filed certiorari and a grand jury scheduling (contingent upon U.S.A.G. negotiations) or for PLAINTIFF to file an additional certiorari on review.

26. PLAINTIFF insists HON. CHIEF JUDGE KATZMANN issue a mandated order for PLAINTIFF to file a petition for certiorari during, or after, continuance period. See also *EX PARTE UNITED STATES*, 287 U.S. 241, 245, 248, syll. n. 1, 4 (1932):

> "[t]his Court has full power in its discretion to issue the writ of mandamus to a federal district court, although... this Court ha[s] ultimate discretionary jurisdiction by certiorari, [wherein] such power will be exercised only where a question of public importance is involved, or where the question is of such a nature that it is peculiarly appropriate that such action by this Court should be taken[,... and whereby a] grand jury conclusively determines the existence of probable cause for the purpose of holding the accused to answer."

WHEREFORE, the appellate court denies this motion, the Court shall, for good cause shown, provide notification within Fourteen days (FRAP 27(a)(3)).

_____
CESTUI QUE STEVEN TALBERT
WILLIAMS, PLAINTIFF (Pro Sé)

January 14, 2019      3:30pm
(Date)                (Time)

Notary:
I, __Kanica J Khatri__, certified notary public for the County of New York, due hereby certify the contents of this motion, sworn before me on this day of __14__, in the month of January, of the year 2019.

_____       3:30pm       Seal:
(Signature)                     (Time)

[Notary Seal: KANICA J KHATRI, STATE OF NEW YORK, NOTARY PUBLIC, Qualified in Kings County, 01KH6334944, MY COMMISSION EXPIRES 12/28/2019]

Petition For Peremptory Writ Of Mandamus, In Re.:
Cestui Que Steven Talbert Williams v. United States, et al
Case 1:18-cv-12064-LLS  Document 17  Filed 01/15/19  Page 14 of 14
United States Court Of Appeals For The Second Circuit




14

In re.: Cestui Que Steven Talbert Williams v.
United States, et al., 18-12064(LLS)(SDNY), 19-39(2nd Cir. Ct.)

# EXHIBIT 1

Gmail - FDIC Reply

## M Gmail

Steven Talbert Williams <stwlegal@gmail.com>

**FDIC Reply**
messages

FDIC STARSMail <StarsMail@fdic.gov>
To: "STWLEGAL@GMAIL.COM" <STWLEGAL@gmail.com>

Fri, Apr 26, 2013 at

April 26, 2013

Ref. No:

Dear Mr. Williams:

The FDIC received your concerns about a certificate for ownership of an investment that you made in 1987 with Microsoft Corporation. The FDIC regulates certain state chartered banks and provides the deposit insurance for most financial institutions. However, the FDIC does not have federal banking authority over financial services such as this company or other financial services companies.

You may wish to contact the Office of Investor Education and Advocacy (OIEA) at www.sec.gov or 1-800-732-0330 for further assistance. The Financial Industry Regulatory Authority (FINRA) is for all securities firms doing business in the United States. You may wish to review additional information about FINRA at their website <http://www.finra.org/index.htm>. Also, the Securities Investor Protection Corporation (SIPC) was created by Congress in 1970 for the purpose of helping investors with assets. You may also wish to review their website at <http://www.sipc.org>.

The FDIC's mission is to ensure the stability of, and public confidence in, the nation's financial system. To achieve this goal, the FDIC has insured deposits and promoted safe and sound banking practices since 1933. The FDIC's Consumer Response Center is responsible for enforcing federal consumer protection laws and regulations at various state-chartered banks.

We trust this information is helpful.

Sincerely,

Federal Deposit Insurance Corporation

Division of Depositor and Consumer Protection

Consumer Response Center

1100 Walnut Street, Box #11

Kansas City, MO 64106

1-800-378-9581

Fax number 703-812-1020

1/34